JOHN BLACKER

*vs.*

OXFORD PAPER COMPANY.

Cumberland.   Opinion July 18, 1928.

*Richard E. Harvey*, for plaintiff.
*Ralph T. Parker*, for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, PATTANGALL, JJ.

PATTANGALL, J.   Verdict for plaintiff.  Case comes forward on exceptions to the refusal of the trial judge to order a verdict for the defendant and on general motion.  Exceptions and motion involve the same question.  The case may, therefore, be as well considered on the motion, the sole issue before this court being whether or not there is evidence sufficient to support the verdict.

This was a common law action brought to recover damages for injuries sustained by the plaintiff while engaged in loading pulpwood for the defendant.  Owing to the nature of the employment, The Workmen's Compensation Act does not apply.  Section 4, Chapter 50, R. S. 1916.

The facts may be briefly stated.  The pulp wood in question lay in an irregular mass near the highway.  The pile was about five hundred feet in length and two hundred in width, the average height being about four feet and the extreme height sixteen feet.  The accident occurred in February when the wood was more or less covered with snow and the whole mass, to a considerable extent, frozen together.  Alongside the road and to prevent the wood blocking the highway, a portion of it had been piled in tiers, which

operated as a retaining wall, keeping the remainder of the wood in place.

Plaintiff, with others, was engaged in taking wood from this pile and loading it on sleds on which it was to be conveyed to defendant's mill. During the first two days that he was so employed the outside and lower tiers were largely removed by him and those who worked with him. On the third day, the upper portion of the pile fell, plaintiff was caught beneath it and suffered serious injury.

On these facts plaintiff claims to recover, on the ground: First, that the defendant failed to use reasonable care in providing a reasonably safe place in which he could do his work; Second, that defendant failed to warn or instruct him as to the danger to which he was exposed, and, Third, that defendant failed to supply him with safe appliances with which to perform the duties incumbent upon him.

Defendant claims that it was free from negligence; that whatever danger there was in connection with the work was plainly observable; and that the plaintiff assumed the risk of such danger when he entered upon the employment and that defendant's own negligence was the cause of the accident.

It is, of course, the duty of the employer to exercise reasonable care in furnishing a reasonably safe place in which employees may do their work, but in determining whether or not an employer has failed in his duty in this respect, the nature of the employment must be taken into account.

There is very little manual labor performed under conditions which entirely eliminate the possibility of accident. The deck of a ship, the cab of a locomotive, the staging upon which the carpenter or painter stands, are all places of danger, yet they may be made as reasonably safe as the duty of the employer to the employee demands. Axemen in the woods, river drivers bringing logs to market, men employed in mills in which logs are manufactured into boards or wood made into pulp and paper are all engaged in more or less hazardous undertakings, and employers in providing places where employees are to perform their work are only required to use due care in providing for that reasonable degree of safety which is consistent with the nature of the employment.

The legal standard governing the master's duty is that of ordi-

nary care with the respect to the exigencies of the situation. The relation of master and servant does not impose on the master the obligation to guarantee that the servant will never sustain any injury in discharging the duties of his employment. *Snowdale* v. *Box Board and Paper Company*, 100 Maine, 300.

There is nothing inherently dangerous in an irregularly piled mass of pulp wood. To be sure if the bottom is disturbed, the top will fall, but that does not satisfy the proposition that one employed to move the wood was not provided with a reasonably safe place in which to work. If the place of work became unsafe, it was made so by the acts of the plaintiff and his fellow workmen. We cannot hold the employer negligent on this score. *Welch* v. *Bath Iron Works*, 98 Maine, 361.

Nor was there need of giving plaintiff warning or instructions concerning such danger as did exist. It was obvious to the most casual observer. It is urged that plaintiff was inexperienced in this class of work, but there was no need of expert knowledge here. The risk of the wood sliding down after the supporting and outer tiers were removed was apparent to any normal mind.

"An employee of mature age working at taking down tiers of pulp twelve feet high must be held to have known that there was danger of single tiers falling if deprived of the support of the adjacent tiers nevertheless he took down one tier and in consequence the next, being left without support, fell upon him, to his injury. The employer is not liable." *Leard* v. *International Paper Company*, 100 Maine, 59.

Plaintiff assumed the obvious risk of that happening which did happen and which any reasonably intelligent person would know must happen if the work was carried on as plaintiff carried it on.

There was no failure on defendant's part to furnish plaintiff with proper appliances with which to work. He was furnished with a hand hook to use in pulling the sticks of pulp wood, four feet in length, out of the pile. He needed nothing else and no appliances with which he might have been furnished would in any way have tended to avert the accident, provided the method employed in taking the wood from the pile had remained unchanged. The plaintiff's own negligence in pursuing that method is apparent.

"Although the question of negligence either of plaintiff or de-

fendant is one of fact for the jury, when the facts are in dispute or even when they are not, provided that fair minded and intelligent persons may reasonably differ as to the conclusions to be drawn from them, the question becomes one of law and for the court, when the facts are undisputed and but one inference can properly be drawn therefrom." *Blumenthal* v. *R. R. Co.*, 97 Maine, 255.

> *Motion granted.*
> *New trial ordered.*